# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

**CURTIS HIGGINBOTTOM**, )
)
        Plaintiff, )
)
  v. ) Case No. CIV-15-1091-D
)
**MID-DEL SCHOOL DISTRICT**, a/k/a )
Independent School District No. I-52; )
**DR. PAM DEERING**, individually and in )
her official capacity; **ODIS CLAYTON** )
**PITTS**, individually and his official )
capacity; **RICK MENDENHALL**, Director )
of Human Resources, individually and in )
his official capacity; **LARRY STEPHENSON**, )
Director of Safety, individually and in his )
official capacity; **RON STEARNS**, Director )
of Transportation, individually and in his )
official capacity; and **JOHN DOE** and/or **JANE** )
**DOE**, Nos. 1-6, )
)
        Defendants. )

## ORDER

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Independent School District No. 52 ("District"), Dr. Pam Deering, Rick Mendenhall, Larry Stephenson, and Ron Stearns, move to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted [Doc. No. 7]. Plaintiff has filed his response in opposition [Doc. No. 10]. The matter is fully briefed and at issue.

# BACKGROUND[1]

In 2011, Defendant Odis Clayton Pitts was hired as a school bus driver for the District. In his application, Pitts disclosed his licensed had been suspended for driving under the influence. Pitts was terminated in May 2012 for disciplinary reasons relating to safety violations and substance abuse; however, he was rehired for the 2013-14 school year and continued to serve as a bus driver during the 2014-15 school year. On the morning of April 20, 2015, Pitts was driving his assigned bus routes. After completing the first two routes, Pitts took a break. After the break, however, Pitts deviated from his route and collided with numerous curbs, vehicles, and a municipal dump truck. Plaintiff, who was traveling in the same direction, was rear ended by Pitts. The collision propelled Plaintiff's vehicle into oncoming traffic, where he

---

[1] The above facts are taken from the Amended Complaint and viewed in the light most favorable to Plaintiff. *In re Gold Resource Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015). Several of the facts are based "[u]pon information and belief." However, specific facts are not necessary to state a claim. The complaint must only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Thus, in considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pled allegations in the complaint, including those based "upon information and belief." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard ... does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant ... or where the belief is based on factual information that makes the inference of culpability plausible.")(citations and internal quotation marks omitted); *Harris v. Chevron U.S.A, Inc.*, No. CIV-15-94-C, 2015 WL 3746989, at *1 (W.D. Okla. June 15, 2015); *New Mexico v. Capital One Bank (USA) N.A.*, 980 F. Supp. 2d 1314, 1321 (D.N.M. 2013).

collided head-on with a pickup truck. Plaintiff suffered serious injuries and his vehicle was declared a total loss.

Plaintiff sued Pitts, the District, certain municipal officials, and several John/Jane Doe defendants, alleging causes of action for (1) negligence, (2) violation of due process, (3) negligent hiring and retention, (4) negligent supervision and control, and (5) reckless indifference.[2] Defendants move to dismiss Plaintiff's tort claims on the grounds they are barred by the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 OKLA. STAT. § 151 *et seq.*, and Plaintiff has failed to state a plausible violation of his due process rights. As a consequence, Defendants also contend they cannot be liable for punitive damages as requested in the Amended Complaint.

**STANDARD OF DECISION**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such motions, a court must distinguish between well-pled facts and conclusory allegations. *Archuleta v. Wagner*,

---

[2]Reckless indifference is gross negligence tantamount to, yet falling short of, intentional misconduct. *Myers v. Lashley*, 2002 OK 14, ¶ 22, 44 P.3d 553, 563; *State ex rel. Okla. Bar Ass'n v. Borders*, 1989 OK 101, ¶ 4, 777 P.2d 929, 932.

3

523 F.3d 1278, 1283 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage. *Glover v. Mabrey*, 384 F. App'x 763, 772 (10th Cir. 2010) (unpublished). Rather, the complaint must allege facts which "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

In reviewing a motion to dismiss, the Court neither assesses the legal feasibility of the complaint, nor does it weigh the evidence which might be offered at trial. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). Granting a motion to dismiss is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted)). "Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely."

*Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

Where dismissal is granted for failure to state a claim, a court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). A court properly may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *E.spire Commc'ns., Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

## DISCUSSION

### I. WHETHER THE OGTCA BARS PLAINTIFF'S COMMON LAW TORT CLAIMS

The OGTCA provides the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Gowens v. Barstow*, 2015 OK 85, ¶ 12, 364 P.3d 644, 650. In passing the Act, Oklahoma formally adopted the doctrine of sovereign immunity. *Crouch v. Daley*, 581 F. App'x 701, 705 (10th Cir. 2014) (unpublished). Under its provisions, the state statutorily waives sovereign immunity from suit for itself and its subdivisions (including "arms of the state") in limited circumstances. 51

5

OKLA. STAT. § 153. Defendants seek dismissal of Plaintiff's negligent hiring, supervision, and retention claims based on two provisions under the OGTCA. First, Defendants invoke an exemption from liability for performing or failing to perform "any act or service which is in the discretion of the [District] or its employees." 51 OKLA. STAT. § 155(5). Defendants also claim immunity under an exemption for the "enforcement of or failure to . . . enforce a law," which is statutorily defined to include a "written policy." *Id*. § 155(4).

Plaintiff's third, fourth, and fifth causes of action allege Defendants were negligent/recklessly indifferent in hiring, supervising, and retaining Pitts. Plaintiff alleges Defendants knew or should have known of Pitts' questionable history, yet hired him anyway, thereby causing a substantial risk of harm to Plaintiff and others. Compl., ¶¶ 57-59, 62-64. Defendants argue that employment decisions are protected under the discretionary function exemption in § 155(5). They cite decisions from this Court, and others, which have held personnel decisions (i.e., hiring and supervision) involve policymaking and planning concerns, and thus, warrant protection as discretionary matters.[3] In *Houston v. Independent Sch. Dist. No. 89 of Okla. County*,

---

[3]"The discretionary function exemption is 'designed to bar tort litigation challenging governmental decisions which are founded on a balancing of competing policy considerations.'" *Najera v. Indep. Sch. Dist. of Stroud No. I-54 of Lincoln Cnty.*, 60 F. Supp. 3d 1202, 1206 (W.D. Okla. 2014) (citing *Nguyen v. State*, 1990 OK
(continued...)

6

949 F. Supp. 2d 1104 (W.D. Okla. 2013), the Court noted Oklahoma had adopted the "planning-operational approach" to the discretionary function exemption. *Id.* at 1109 (citing *Nguyen v. State*, 1990 OK 21, ¶ 5, 788 P.2d 962, 963). "Under this approach initial policy level or planning decisions are considered discretionary and hence immune, whereas operational level decisions made in the performance of policy are considered ministerial and not exempt from liability." *Id.* In other words, if the activity is "discretionary" it will be considered "governmental" and therefore protected by sovereign immunity. Conversely, an activity that is "ministerial" or "operational" will not be protected.

Distinguishing between discretionary and ministerial activities can be difficult. The Supreme Court has stated that a discretionary function "is one that involves choice or judgment." *United States v. Gaubert*, 499 U.S. 315, 325 (1991). Nevertheless, to this end, courts in this district (including this Court) and its sister courts have applied the discretionary function exemption to similar allegations of negligent hiring, supervision, and retention. *See Houston*, 949 F. Supp. 2d at 1109; *Benedix v. Indep. Sch. Dist. No. I-007 of Okla. County, Okla.*, No. CIV-08-1060-D, 2009 WL 975145, at *4 (W.D. Okla. Apr. 9, 2009); *Allen v. Justice Alma Wilson*

---

³(...continued)
21, ¶ 6, 788 P.2d 962, 965).

*Seeworth Academy, Inc.*, No. CIV-12-93-HE, 2012 WL 1298588, at *2 (W.D. Okla. Apr. 16, 2012) (school board's training, supervision, and retention of its employees was "discretionary" under OGTCA and citing cases in support); *Young v. Okla. City Pub. Sch., Indep. Sch. Dist. 89*, No. CIV-13-633-M, 2013 WL 6567144, at *3 (W.D. Okla. Dec. 13, 2013) ("the school district's decision regarding hiring, retention, and supervision of its employees is deemed to be a discretionary act and, thus, falls under the GTCA's discretionary exemption."); *Seals v. Jones*, No. 12-CV-569-JED-TLW, 2013 WL 5408004, at *4 (N.D. Okla. Sept. 25, 2013) ("Any alleged negligent hiring and retention of employees by Cleveland County would fall within the discretionary functions provision of the GTCA, for which Cleveland County is immune from suit as a matter of law."); *White v. City of Tulsa*, No. 13-CV-128-TCK-PJC, 2013 WL 4784243, at *5 (N.D. Okla. Sept. 5, 2013) (city was immune for officer's alleged negligent training and supervision because such acts were discretionary); *Fumi v. Board of County Comm'rs of Rogers County*, No. 10-CV-769-TCK-PJC, 2011 WL 4608296, at **6-7 (N.D. Okla. Oct.3, 2011) (agreeing that entity was immune from officers' alleged negligent hiring, training, supervision and retention under § 155(5)); *Burns v. Holcombe*, No. 09-CV-152-JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) ("The language of the GTCA as well as recent case law construing these provisions makes clear the state and/or a political subdivision is not subject to suit for

discretionary acts such as hiring, supervising, and training employees, as well as enforcement or adoption of rules or policies.").

The Court sees no meaningful distinction between the aforementioned cases and the present case. Plaintiff's suit against the District and officials for their alleged negligence in hiring and failure to supervise Pitts involves the kinds of decisions that implicate policy concerns and therefore falls within the discretionary function exemption of § 155(5). Accordingly, Plaintiff's third, fourth, and fifth causes of action are dismissed. Having found that said claims are barred by § 155(5), the Court need not consider whether such allegations are likewise barred by § 155(4).

To the extent Plaintiff purports to assert individual capacity claims for negligent hiring, supervision, or retention, dismissal would remain appropriate since Plaintiff's allegations fall within their scope of employment. The doctrine of *respondeat superior* is applicable under the OGTCA. *Gowens*, 364 P.3d at 650 (citing *Tuffy's, Inc. v. City of Okla. City*, 2009 OK 4, ¶ 7, 212 P.3d 1158; *DeCorte v. Robinson*, 1998 OK 87, ¶ 12, 969 P.2d 358). Under the doctrine, an employer is generally liable for the willful acts of an employee acting within the scope of employment. *Id*. Under the OGTCA, "scope of employment" is defined as:

> [P]erformance by an employee acting in good faith within the duties of

9

> the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud[.]

*Gowens*, 364 P.3d at 650 (quoting 51 OKLA. STAT. § 152(12)). An employee acts within the scope of their employment if they are engaged in work assigned, or if doing that which is proper, necessary and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business. *Id.* (citing *Nail v. City of Henryetta*, 1996 OK 12, ¶ 11, 911 P.2d 914). Individual employees are immune from liability arising from actions performed within the scope of their employment. 51 OKLA. STAT. § 163(C). Although an employee acts outside the scope of employment where they engage in willful and wanton conduct, *Hull v. Wellston Indep. Sch. Dist. I 004*, 2002 OK CIV APP 46, ¶ 20, 46 P.3d 180, 184, acts performed with reckless disregard do not necessarily equate to bad faith and fall outside the scope of employment. Such determination should rather be made on a case-by-case basis. *Gowens*, 364 P.3d at 652. "Except in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the scope of employment at any given time is a question for the trier of fact." *Tuffy's, Inc.*, 212 P.3d at 1163 (citation omitted).

Plaintiff's response contains no argument that Defendants acted outside the

scope of employment in their decision to hire, supervise and retain Pitts. Notwithstanding the absence of a rebuttal, the question presented by a Rule 12(b)(6) motion is the sufficiency of Plaintiff's pleading, that is, whether it "alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). Upon examination of the Amended Complaint, and presuming all of Plaintiff's well-pled allegations are true and construing them in the light most favorable to him, the Court finds no factual allegations that would support a finding that the individual defendants were not acting in good faith in their employment decisions regarding Pitts. Therefore, the Court finds that the negligence claims asserted in Counts Three, Four, and Five against the individual defendants should be dismissed on this additional ground.

## II. WHETHER PLAINTIFF HAS STATED A CAUSE OF ACTION UNDER § 1983

In order to state a claim under § 1983, a plaintiff must allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State." *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)). The OGTCA does not immunize Defendants from §1983

liability. *Tiemann v. Tul-Center, Inc.*, 18 F.3d 851, 853 (10th Cir. 1994). "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 ... cannot be immunized by state law." *Id.* (quoting *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 376 (1990) (further citation omitted)). "A §1983 claim may be available, even though a state remedy is foreclosed by the Oklahoma Governmental Tort Claims Act." *Id.* (citing *Willbourn v. City of Tulsa*, 1986 OK 44, 721 P.2d 803, 805); *see also Phillips v. Wiseman*, 1993 OK 100, ¶ 9, 857 P.2d 50, 52 ("We have explained that the state Governmental Tort Claims Act and 42 U.S.C. § 1983 provide a 'double-barreled system,' and that escaping liability under one does not necessarily mean that a party also escapes liability under the other.") (citing *Willbourn*, 721 P.2d at 805).

The Due Process Clause of the Fourteenth Amendment provides "no State shall ... deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV, § 1. Generally, the Due Process Clause does not impose an obligation on the state to protect individuals from the actions of third parties. *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1279 (10th Cir. 2003). An exception to this rule applies when state officials create or increase the danger that ultimately caused harm to the plaintiff. *Id.* at 1281. This is called the "danger-creation" theory. Danger-creation claims "ultimately rest on the specifics of a substantive due process claim – i.e. a claim predicated on reckless or intentional injury-causing state action

which 'shocks the conscience.' " *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1262 (10th Cir.1998). Liability is imposed based upon the defendants' "culpable knowledge and conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid." *Id.* at 1263. Thus, the "environment created by the state actors must be dangerous; they must know it is dangerous; and, to be liable, they must have used their authority to create an opportunity that would not otherwise have existed for the third party's [acts] to occur." *Id.*

The Tenth Circuit has articulated a six-part test governing danger-creation claims: (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking. *Christiansen*, 332 F.3d at 1281 (citing *Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 (10th Cir. 2002) (internal quotations omitted)).

In considering the required scienter, the Tenth Circuit has focused on the deliberateness of the conduct at issue, noting that the Due Process Clause protects

13

against "deliberately wrongful government decisions rather than merely negligent government conduct." *Christiansen*, 332 F.3d at 1281 (citation omitted). "Thus, section 1983 liability will not lie absent (1) 'an intent to harm' or (2) 'an intent to place a person unreasonably at risk of harm.'"

Plaintiff's Amended Complaint alleges liability under the danger creation theory. It states that "[b]y allowing Pitts to operate one of the District's buses, the Defendants created a danger which caused a vulnerability of that danger to Plaintiff, students of the District, and others who were on the road while Pitts was operating the District's bus." Compl., ¶ 41. It further alleges that "[b]y allowing Pitts to operate one of the District's buses, the Defendants consciously and deliberately put the Plaintiff and others at substantial risk of serious, immediate and proximate harm." *Id*. ¶ 44. Plaintiff further alleges that Defendants knew or should have known of Pitts' propensity to operate the buses in a dangerous manner, Defendants acted in conscious disregard of the known risks associated in allowing Pitts to operate one of the buses, and their rehiring of Pitts "shocks the conscience" in light of Pitts' history. *Id*. ¶¶ 46-48.

Again, in examining the Amended Complaint, and presuming all of Plaintiff's well-pled allegations (as opposed to legal conclusions) are true and construing them most favorably to him, the Court finds Plaintiff has failed to set forth a plausible

14

entitlement to relief under § 1983. Whether specific conduct "shocks the conscience" is a question of law for the Court. *Perez v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 432 F.3d 1163, 1168 n. 4 (10th Cir. 2005); *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir.1995) (explaining that the standard for judging a substantive due process claim is whether the challenged government action would shock the conscience of federal judges) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115 (1992)). The conduct complained of must possess a degree of outrageousness and a magnitude of potential harm that is truly conscience-shocking at the moment it occurs. Here, the Amended Complaint alleges Pitts was terminated in 2012 for substance abuse and/or safety violations. Although he was rehired, the Amended Complaint is devoid of any allegation as to a known danger Pitts posed to either Plaintiff, the District's students, or any other group of individuals until the accident in April 2015. At best, the Amended Complaint indicates Defendants made a poor choice in their decision to hire/rehire Pitts, but in reading the Amended Complaint, the Court concludes the overall facts and circumstances alleged in this case fall short of outrageous or conscience-shocking conduct.

Having found Plaintiff has insufficiently pled a cause of action under the common law or § 1983, the Court declines to reach Defendants' arguments regarding municipal/individual liability under § 1983 and Plaintiff's request for punitive

damages. *See* Mot. to Dismiss at 10-16.

As set forth herein, the Court finds that Plaintiff's common law tort claims are barred by the OGTCA, and based on this finding the Court further finds that amendment would be futile. Thus, the common law tort claims at issue are dismissed with prejudice. The Court is not convinced, however, that Plaintiff is or will be unable to state a plausible claim for relief under § 1983. Accordingly, dismissal of this action shall be without prejudice to Plaintiff's right to file an amended complaint.

## CONCLUSION

Defendants' Motion to Dismiss [Doc. No. 7] is **GRANTED** as set forth herein. Plaintiff may file an amended complaint within twenty-one (21) days of this Order.

**IT IS SO ORDERED** this  9th  day of March, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE