# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS HIGGINBOTTOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1091-D |
| | ) | |
| MID-DEL SCHOOL DISTRICT, | ) | |
| a/k/a Independent School District | ) | |
| No. I-52, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

The facts of the present case are set forth in the Court's previous order granting Defendants' Motion to Dismiss Amended Complaint [Doc. No. 17] and will not be restated here. In that Order, the Court granted Defendants' motion on the grounds the Oklahoma Governmental Tort Claims Act (OGTCA) precluded liability against Defendants under the theories asserted in the Complaint, *see* Order, Mar. 9, 2016 at 9, and Plaintiff failed to set forth a plausible entitlement to relief under 42 U.S.C. § 1983. *Id*. at 14-15. Plaintiff was granted leave to file a second amended complaint, which he did on March 30, 2016 [Doc. No. 16]. Defendants renew their motion to dismiss and contend Plaintiff's Second Amended Complaint does not cure the deficiencies that existed in the prior amended complaint.

Upon review of the parties' submissions, the Court agrees and finds Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against the moving defendants. In evaluating a motion to dismiss, the Court is obligated to accept as true all well-pleaded facts, as opposed to legal conclusions. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). The OGTCA prevents liability for actions done within the scope of employment. 51 OKLA. STAT. § 163(C). Here, the Second Amended Complaint remains devoid of any well-pleaded facts which show the actions complained of were outside Defendants' respective scope of employment. Moreover, in the Court's view, the complaint continues to lack sufficient facts to support a claim that Defendants' conduct was so "conscience-shocking" as to constitute a substantive due process violation. *See Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) ("The 'ultimate' standard for determining whether there has been a substantive due process violation is 'whether the challenged government action shocks the conscience of federal judges.' . . . It is well settled that negligence is not sufficient to shock the conscience. . . . 'Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking.'") (citations omitted).

Accordingly, Defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 17] is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 8th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE